**UNITED STATES of America, Plaintiff-Appellant, Cross-Appellee,**

v.

**Manuel W. JAMES, Defendant-Appellee, Cross-Appellant.**

No. 82–6043.

United States Court of Appeals, Eleventh Circuit.

Jan. 2, 1985.

Kenneth W. Sukhia, Asst. U.S. Atty., Tallahassee, Fla., Mervyn Hamburg, Washington, D.C., for plaintiff-appellant, cross-appellee.

Ronald A. Dion, North Miami Beach, Fla., Lehrman & Denker, Paul A. Lehrman, Tallahassee, Fla., for Manuel James.

Before HENDERSON and CLARK, Circuit Judges, and ATKINS *, District Judge.

PER CURIAM:

This court through this panel of the court has previously decided a companion case to this appeal, *United States v. Bascaro, et al.*, 742 F.2d 1335, (11th Cir.1984). At the time of issuance of the *Bascaro*

* Honorable C. Clyde Atkins, U.S. District Judge for the Southern District of Florida, sitting by designation.

opinion we inadvertently captioned the case as Nos. 82–5547 and 82–6043 and listed the United States as an appellant and Manuel W. James as an appellee, the parties in Case No. 82–6043. In that opinion we did not dispose of the issue in Case No. 82–6043 but undertake to do so in this opinion.

In connection with the prosecution of defendant Manuel W. James and others as reflected in the opinion filed in Case No. 82–5547, the government filed and served upon defendant James a notice of intention to prosecute as a dangerous special drug offender pursuant to the Dangerous Special Drug Offender Act, 21 U.S.C. § 849, in the event James should be convicted. James was convicted of one count but the district court dismissed the notice to seek the enhanced sentence on the ground that the notice was insufficient because it lacked the requisite particularity. The government appealed this dismissal of the notice. We herein AFFIRM the district court's order for other reasons.

The district court points out in its memorandum opinion that in order for the sentencing mechanism under § 849 to be triggered, the government must show that the defendant is both "special" and "dangerous". The district court concluded that the notice filed by the government did little more than condense some of the allegations contained in the indictment and then attached the indictment to the notice. The court concluded that these facts were insufficient to meet the particularity requirement set out in the statute.

After reviewing the district court opinion, the statute, and the trial of the case as we did in considering the appeal in Case No. 82–5547, we conclude that it is unnecessary for us to pass upon the correctness of the district court order. A brief summary of the charges against James and the outcome of the trial as it pertained to him is necessary. James was charged in twelve counts of a 30-count indictment which alleged that he and eleven other defendants engaged in a widespread and ongoing conspiracy to import and distribute large quantities of marijuana into the Northern District of Florida. The defendants were charged with violating both the Continuing Criminal Enterprise Act and 18 U.S.C. § 1961 *et seq.*, the Racketeer Influenced and Corrupt Organizations Act. James in count 28 was specifically charged with occupying a position as an organizer, supervisor, and other management positions and engaging in the continuing criminal enterprise from which he obtained substantial income and resources. The notice under § 849 seeking to enhance the sentence described James as being one of the attorneys for the ongoing organization which, through the ownership of several farms, ships, and airplanes, undertook the numerous importation and distribution activities charged.

Two of the counts against James were dismissed but the trial court submitted to the jury counts 1–7, 9, 10 and 28. James was convicted by the jury of only count 5, which charged him with conspiracy to distribute and to possess with intent to distribute marijuana in violation of 21 U.S.C. § 841(a) and § 846. The maximum penalty for conviction of that offense is five years and he received the maximum sentence.

We do not reach the question of the correctness of the district court's order in light of the fact that James was convicted of only one count. He was not convicted of count 28 which charged him with being one of the managers of the large enterprise, nor of counts 1 and 2, the RICO counts. In the latter counts he was charged as being the attorney for persons engaged in the enterprise, charged with hindering law enforcement investigations by counseling persons who had been arrested not to give correct information to law enforcement officers but to give them false information instead, and with other similar acts as an attorney in the furtherance of the alleged criminal acts. Since the jury found James guilty of none of these counts, the government failed to make out a case that James was a special and dangerous offender pursuant to § 849. The notice of intention to seek the enhanced sentence did not contain any of the information described in

§ 849(e)(1), which section defines a special drug offender as one who has been previously convicted of two or more offenses related to controlled substance violations. The definition of a special drug offender described in subparagraphs (2) and (3) of § 849(e) further define a special drug offender. Since the government did not convict James of acts which would cause him to fit into those definitions, an enhanced sentence against him could not be sustained.

In view of our conclusion that the government could not have obtained an enhanced sentence against James pursuant to § 849, we find it unnecessary to address the legal prerequisites of a proper notice of intention to seek an enhanced sentence. Consequently, the judgment of the district court is AFFIRMED, although be it on grounds other than those stated in the district court's opinion.

AFFIRMED.